IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILLY CLARY,            )<br>    Plaintiff,           )<br>                         )<br>v.                       )<br>                         )<br>CITY OF MOUNDVILLE, ALABAMA,  )<br>*et al.*,                )<br>    Defendants.          ) | Civil Action No. 16-091-CG-N |

REPORT AND RECOMMENDATION

Currently pending before this Court are Defendants, City of Moundville's and Ken Robertson's, Motions to Dismiss Counts Five and Seven of Plaintiff's Second Amended Complaint (Docs. 13 and 26, respectively) under Federal Rule of Civil Procedure 12(b)(6) which were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  Plaintiff has filed responses to both motions (Docs. 17, 32) to which Defendants have replied (Doc. 19, 37).  After review of both Motions to Dismiss, it appears that the arguments presented in each are nearly identical and, therefore, this Court will address the motions together.  After careful consideration of the record, it is recommended that Defendants' Motions to Dismiss Counts Five and Seven of Plaintiff's Second Amended Complaint be granted pursuant to Rule 12(b)(6) for failure to state a claim against Defendants, City of Moundville and Chief Ken Robertson.

FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of an incident that occurred on March 15, 2015, wherein the Moundville Police Department was called from Plaintiff's residence regarding a dispute between Plaintiff and his ex-wife, Lisa Clary. (Doc. 8 at 2). According to Plaintiff, his ex-wife arrived at the property on the morning of March 15, 2015, despite a court order that required her to refrain from being on the property. Upon her arrival, Plaintiff showed Ms. Clary a copy of their divorce decree and the restraining order and asked her to leave the premises. (*Id.*) Ms. Clary then called the Moundville Police Department. (*Id.*) Police arrived to the residence as requested and Plaintiff asserts they began yelling at him. (*Id.*) Plaintiff was instructed to show the officers the divorce decree and restraining order and he complied, but Plaintiff was still arrested. (*Id.*)

While being escorted to a police car, Plaintiff and Ms. Clary informed the officers that Plaintiff needed his diabetes medication, but the officers would not allow him to take medication with him. (*Id.*) Plaintiff later informed two officers of his need for medication while in jail, but according to Plaintiff, he was told that he would be in jail until Monday and that they did not believe he needed medication. (*Id.* at 3). After seven hours in the Hale County Jail, Plaintiff suffered a seizure, at which time he was taken out of his cell and given water and snacks in the lobby until he improved. (*Id.*) The officers at the jail then called the bailsman and informed them that Plaintiff

had to be released because they could not provide medical care for him in Hale County Jail.  (*Id.*)

Plaintiff originally filed his Complaint in the Circuit Court of Hale County, Alabama on December 10, 2015, but the action was removed to this Court on March 2, 2016.  Following removal, Plaintiff was given an opportunity to file an Amended Complaint in accordance with an order previously entered in state court dismissing some of Plaintiff's Complaint as to two Defendants.  (Doc. 2).  Plaintiff filed his Second Amended Complaint ("Complaint") in this Court on March 28, 2016, against Defendants, City of Moundville ("Moundville"), J.L. Donaldson, Danielle Pence, and Chief Ken Robertson ("Robertson") asserting seven claims:  Negligence, Wantonness, Wrongful Arrest, Assault and Battery, Deliberate Indifference to Medical Care, Excessive Force, and Negligent Hiring, Training, Retention and Supervision- *Monell* Liability.  (Doc. 8, generally).  Plaintiff's Complaint identifies those defendants against whom each claim is asserted by including those parties' names under each count and there is no dispute that only Counts Five and Seven are asserted against Moundville or Robertson.  (Doc. 17 at 2; Doc. 32 at 2.)  On April 11, 2016, Moundville filed a Motion to Dismiss (Doc. 13), to which Plaintiff responded (Doc. 17) and Moundville replied.  (Doc. 19).  Thereafter, on July 5, 2016, Robertson filed a Motion to Dismiss (Doc. 26), to which Plaintiff responded (Doc. 32) and Robertson replied (Doc. 37).

STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must first satisfy the pleading requirements of Rule 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). While Rule 8 establishes a regime of "notice pleading," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), it does not eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action. "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2). There must, in addition, be a pleading of facts. The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009). The

complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949. Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951.

When considering whether a complaint states a claim for relief, the Court "should assume, on a case-by-case basis, that well pleaded factual allegations are true and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

## DISCUSSION

    I.    Count Five: Deliberate Indifference to Medical Care pursuant to 42 U.S.C. § 1983

Count Five of Plaintiff's Complaint seeks to hold the City of Moundville and Chief Ken Robertson liable under 42 U.S.C. § 1983 for their

5

violation of his right to receive necessary medical attention while in police custody. (Doc. 8 at 5-6). Within count five, there are four paragraphs which potentially refer to Moundville and/or Robertson.[1] Those paragraphs state as follows:

> 44. Defendants violated Billy Clary's rights in the interest of saving money which was a policymaking decision.
>
> 45. Defendants are responsible for the unconstitutional customs and policies described herein. The suffering of Clary was a direct and foreseeable result of these customs and policies.
>
> 46. The Defendants acted with deliberate indifference in medical care by transporting him and leaving him at the Hale County jail knowing that they would not provide any proper medical beginning with the proper screening.
>
> 47. The Defendants knew that the arrangement to house inmates at the Hale County jail was unconstitutional as they did not provide medical care and were indifferent to proper medical care.

(*Id*. at 5-6). Defendants Moundville and Robertson argue that Plaintiff has not stated a claim upon which relief can be granted because none of the above mentioned facts, even coupled with the factual background provided by Plaintiff in his Complaint, establish a claim against either of them. (Docs. 17 and 26, generally). In response, Plaintiff has recognized that the Complaint may be "a bit confusing" but clarifies that "the government's policy or custom is not to provide medical care at a local jail even when a serious medical need arises." (Doc. 19 at 3-4; Doc. 32 at 3-4).

---

[1] The entirety of Count Five has seven paragraphs. However, the other three paragraphs, (41-43) describe only the specific actions of the officers involved with Plaintiff and make no reference to Moundville or Robertson.

A.     City of Moundville

In order to state a plausible § 1983 claim against Moundville, Plaintiff must present facts that (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (*citing to City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).[2]  A party may establish that such a policy exists by proving either "(1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through repeated acts of a final policymaker for the county." *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003).  "In order to establish section 1983 liability against a county based on an unofficial custom or practice, "a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Moore v. Miami-Dade County*, 502 F.Supp.2d 1224, 1231, (S.D.Florida 2007) (*quoting Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir.1991).  *See also Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir.1999) (a custom is "a practice that is so settled and permanent

---

[2] Plaintiff does not dispute that Moundville cannot be held liable on a theory of respondeat superior for the conduct of the officers described in Count Five of Plaintiff's Complaint.  See Docs.  17 at 2, 7-8; Doc. 32 at 2,9).  S*ee also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor").

that it takes on the force of the law." )(*quoting Sewell v. Town of Lake Ham*ilton, 117 F.3d 488, 489 (11th Cir.1997), cert. denied, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998)). "In order for a plaintiff to demonstrate a policy or custom, it is 'generally necessary to show a persistent and wide-spread practice.'" *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (*quoting Wayne v. Jarvis*, 197 F.3d at1105. (internal quotations and citations omitted). "Normally, random acts or isolated incidents are insufficient to establish a custom or policy." *Depew v. City of St. Marys*, 787 F.2d 1496 (11th Cir.1986). Rather, the incident must result from a demonstrated practice. *See Wayne*, 197 F.3d at 1106 (determining that a single decision, "even if erroneous, would not support the inference that the County had a custom or policy" in place).

In his Complaint, Plaintiff has not specifically identified any officially promulgated policy of Moundville on which liability may rest. As a result, in order to avoid dismissal, he must present facts showing an "unofficial custom or practice of the county shown through repeated acts of a final policymaker for the county." *Grech*, 335 F.3d at 1329. First, Plaintiff's Complaint, on its face, does not set forth any unofficial policy or custom. Instead, Plaintiff asserts the existence of an unofficial policy i.e., "not to provide medical care at a local jail even when a serious medical need arises"[3] only in his Response

---

[3] In his Response, Plaintiff also insinuates that the "policy" upon which Plaintiff is suing is the policy to transport individuals to a county jail that does not offer medical care and/or to house individuals at a county jail that does not provide medical care and points to paragraph 46 and 47 of his Complaint in support of the existence of such a policy. However, even

8

to Moundville's motion.  (Doc. 17 at 3).    Second, even considering the clarification of Plaintiff's claim (in his Response), Plaintiff has still failed to present any factual support for this alleged *unofficial* policy or custom.[4]

To the contrary, Plaintiff has not set forth any facts that establish that a widespread practice or custom of not providing medical care exists. Plaintiff does not reference any instances of failure to provide medical care other than Plaintiff's, he does not present any factual support that Plaintiff's incident is indicative of the treatment of all inmates, and he does not assert that on previous occasions there have been other instances that resulted in injury based on a lack of medical care within the jail.   Instead, Plaintiff has only stated in a conclusory manner (in his Response) that it is Moundville's policy or custom to not provide medical care to inmates.

Perhaps recognizing this shortcoming, Plaintiff asks the Court "to take an expansive reading of Count 5 by drawing the inference that medical care is never provided for those arrested by the City's officers."  (Doc. 17 at 5). Plaintiff then goes on to argue that discovery is needed in order for Plaintiff to "obtain documents that show whether or not the City has provided any medical care for inmates when a serious need arises" – acknowledging a lack

---

reading Plaintiff's Complaint to assert the same, Plaintiff still fails to state a cause of action for the same reasoning set forth herein above.  Thus, regardless of exact the policy(s)/custom(s) Plaintiff attempts to articulate in his Response, there is still a complete lack of factual support that such policy or custom exist beyond Plaintiff's conclusory allegation.

[4] Plaintiff has, likewise, failed to assert that the alleged unofficial custom or policy of Hale County Jail, is by some authoritative association, the custom or policy of the City of Moundville.

9

of factual support for the exact unofficial policy alleged in his Complaint. (Doc. 17 at 7). At this stage, the question before this Court is not whether some possible inference may result in a cause of action; rather, it is whether, accepting the well-plead facts as true, Plaintiff has stated a cause of action that is more than mere possibility. *See Randall v. Scott*, 610 F.3d 710. For the reasons stated herein above, Plaintiff has not met that burden and his § 1983 claim against Moundville is due to be dismissed.[5]

B. Chief Ken Robertson

Plaintiff also asserts his § 1983 claim against Chief Ken Robertson as the "the Chief of Police for the City of Moundville and the supervisor, policymaker for the City of Moundville Police Department." (Doc. 8 at 1). Plaintiff's claim against Robertson is stated in the same paragraphs as his claim against Moundville. (Doc. 8 at ¶¶ 41-47, referenced above). The arguments raised by Robertson in his Motion to Dismiss are the same as those raised by Moundville because, Robertson asserts, a suit against Robertson in his official capacity, is really a suit against Moundville. (Doc. 26 at 3). Plaintiff's Response to Robertson's Motion to Dismiss is almost verbatim of his Response to Moundville's Motion except that Plaintiff adds the following argument:

---

[5] Plaintiff also asserts that, in lieu of dismissal, the complaint may be "amended again to further expound upon the argument that the City never provides medical care to inmates simply because of budgetary concerns." (Doc. 17 at 4). However, Plaintiff has not filed a motion to amend his Complaint, so Plaintiff's alternative request is not properly before this Court. Further, Plaintiff has previously been given several opportunities to amend his Complaint and there is no indication that a further amendment would cure the deficiencies stated herein.

> [W]e are also asking that Chief Robertson be held liable as he is the chief custom and policymaker who makes the decision not to provide any medical care within his department. It is assumed that the Chief has the autonomy how to utilize and allocate monetary resources, however limited those may be, and decides to forgo medical care in lieu of salaries, equipment and other costs associated with running a police department.

(Doc. 32).

As properly set forth by Robertson, "[s]uits against individuals in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991)(*citing Kentucky v. Graham*, 473 U.S. 159 (1985)). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's policy or custom' must have played a part in the violation of federal law." *Id*.

In order to state a plausible claim against Robertson, as "chief custom and policymaker" Plaintiff must, in reality, properly state a claim against the entity of which Robertson is an agent, Moundville.  However, as discussed herein above, Plaintiff has failed to sufficiently plead that Moundville had a custom or policy that constituted deliberate indifference.  Thus, even considering the assertion made in Plaintiff's Response that Robertson was responsible for Moundville's policy-making, Count Five would still fail against Robertson because no policy or custom of Moundville has been established.   Simply put, because Plaintiff has not met his burden with regard to Count Five against Moundville, Plaintiff's claim against Robertson,

likewise, fails to state a claim upon which relief can be granted and is due to be dismissed.

>   II.   Count Seven: Negligent Hiring, Training, Retention, and Supervision- *Monell* Liability

Count Seven of Plaintiff's Complaint appears to assert a claim for negligent hiring, training, retention, and supervision against Moundville and Robertson. However, Plaintiff has additionally designated this count as "*Monell* liability." Plaintiff has further explained in his Responses (Docs. 17, 32) that this claim is additionally seeking relief pursuant to § 1983 and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 90 S.Ct. 2018, 56 L.ED.2d 611 (1978). Count Seven states in relevant part, as follows:[6]

>   55.   Plaintiff alleges that the Defendants breached the standard of care by failing to ensure their employees and/or agents were properly hired, trained, retained and supervised.
>
>   56.   The Defendants failed to properly train and/or supervise their employees on proper police protocol including what would be considered a violation of a court order and how to properly handle disabled or injured suspects.
>
>   57.   The City of Moundville is vicariously liable for the actions of its employees, the Defendant police officers, for their negligence, carelessness and/or unskillfulness in performing their duties as police officers. Their misconduct was the proximate cause of Plaintiff's injuries.[7]

---

[6] Count Seven has a total of seven paragraphs. However, the first paragraph (54) only realleges every previous paragraph of the Complaint and the last paragraph (59) only sets forth Plaintiff's injuries. (Doc. 8 at 7).

[7] Despite the language of this paragraph, Plaintiff does not dispute that Moundville cannot be held liable on a theory of respondeat superior for the conduct of the officers described in Count Seven of Plaintiff's Complaint. See Docs. 17 at 2, 7-8; Doc. 32 at 2,9). See also *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding that §

12

> 58. The policymaking of the Chief of Police as well as the City of Moundville directly led to the constitutional violations that occurred.

(Doc. 8 at 7). According to Plaintiff, Count Seven is "inextricably intertwined" with Count Five. However, for purposes of Count Seven, Plaintiff asserts liability based on Moundville's and Robertson's failure to properly train its employees.

A. City of Moundville

A city may be held liable under 42 U.S.C. § 1983 when the injury caused was a result of municipal policy or custom." *See Canton*, 489 U.S. at 385. This "may include a failure to provide adequate training if the deficiency 'evidences a deliberate indifference to the rights of [the city's] inhabitants.'" *Id.* When a failure to train is at issue, a plaintiff must " 'present some evidence that the municipality knew of a need to train ... in a particular area and the municipality made a deliberate choice not to take any action.' " *Gilliam ex rel. Waldroup v. City of Prattville*, 667 F.Supp.2d 1276, 1292 (M.D.Ala.2009) (*quoting Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). "Notice may be established in two ways. 'First, if the city is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training, it is considered to be deliberately indifferent.' Second, 'deliberate indifference may be proven without evidence of prior incidents, if the likelihood for constitutional violation is so high that the need for training

---

1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor").

would be obvious.'" *Borton v. City of Dothan*, 734 F.Supp.2d 1237, 1255-56 (M.D.Ala. 2010)(internal citations omitted).

With regard to Count Seven, Plaintiff asserts in a conclusory manner that the Defendant "failed to properly train and/or supervise their employees on proper police protocol including what would be considered a violation of a court order and how to properly handle disabled or injured suspects." (Doc. 8 at 7). Plaintiff's Complaint does not present any facts as to how Moundville's employees are trained/supervised or why the same is improper. Further, there is no factual support that Moundville knew of a need to train on "proper police protocol [regarding a] violation of a court order" or on "how to properly handle disabled or injured suspects" or that it made a deliberate decision not to take any action. Moreover, Plaintiff's Complaint does not present any facts to show a pattern of constitutional violations. Plaintiff has not presented any facts from which it could be concluded that the likelihood of a constitutional violation is so high that the need for training would be obvious. As a result of these factual deficiencies, Plaintiff has not met his burden of stating a plausible claim against Moundville for its alleged failure to adequately train pursuant to § 1983 and Count Seven is due to be dismissed.

    B.    Chief Robertson

Plaintiff also asserts Count Seven against Chief Ken Robertson as the "the Chief of Police for the City of Moundville and the supervisor, policymaker for the City of Moundville Police Department." (Doc. 8 at 1).

Plaintiff's claim against Robertson is stated in the same paragraphs as his claim against Moundville. (Doc. 8 at ¶¶ 54-59, stated above). The arguments raised by Robertson in his Motion to Dismiss are the same as those raised by Moundville because, Robertson asserts, a suit against Robertson in his official capacity, is really a suit against Moundville. (Doc. 26 at 3).

As previously discussed with regard to Count Five, "[s]uits against individuals in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991)(*citing to Kentucky v. Graham*, 473 U.S. 159 (1985)). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's policy or custom' must have played a part in the violation of federal law." *Id*.

In order to state a plausible claim against Robertson, as "chief custom and policymaker" Plaintiff must, in reality, properly state a claim against the entity of which Robertson is an agent, Moundville. In the context of Count Seven, in order to defeat Robertson's Motion to Dismiss, Plaintiff's Complaint would have to present facts that show Moundville, via Robertson, "knew of a need to train … and made a deliberate choice not to take any action." *Gilliam*, 667 F.Supp.2d at 1292. As explained above, Plaintiff's Complaint fails to meet this burden. Again, because Plaintiff has not properly stated a claim against Moundville with regard to Count Seven, Plaintiff's claim

15

against Robertson, likewise, fails to state a claim upon which relief can be granted and is due to be dismissed.

## CONCLUSION

For the reasons set forth herein above, it is recommended that Defendants' Motions to Dismiss Counts Five and Seven of Plaintiff's Second Amended Complaint be granted pursuant to Rule 12(b)(6) for failure to state a claim against Defendants, City of Moundville and Chief Ken Robertson.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 28th day of September, 2016.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**